SIMPSON *v.* SIMPSON.

CHANCERY PRACTICE—*finding of facts.* In a divorce case the Chancellor is not bound to observe the provisions of section 11, article 7, of the Constitution, requiring the court to make a written finding of facts.

APPEALS IN DIVORCE CASES. An *appeal* to this court lies from a judgment granting a divorce, and is not taken away by the 16th section of the Civil Code.

The Constitution secures the right of *appeal* from *all* final judgments of inferior courts.

*Appeal from White Circuit Court.*

Hon. JOHN WHYTOCK, Circuit Judge.

ENGLISH, GANTT & ENGLISH, for appellant.

GALLAGHER & NEWTON, for appellee.

McCLURE, J.

In June, of 1867, Susannah Simpson filed her bill for a divorce against her husband, Enoch H. Simpson. The bill charges cruel and barbarous treatment, and the offering of such indignities to her as would render her marital condition n tolerable.

Before entering into the marriage relation with Simpson, it appears that an ante-nuptial contract was made, wherein it was agreed that, on the death of the parties, the property held by each at the marriage should descend to their children, had before such marriage, respectively.

Enoch H. Simpson answers the bill of his wife, and admits the ante-nuptial contract, but denies all cruel treatment, or the offering of such indignities to her as would render her condition intolerable, and asks that his answer may be taken as a cross-bill; wherein he assigns, in substance, the same causes for a divorce as is alleged in the bill of Susannah Simpson.

Upon the hearing of the cause, the court dismissed the cross-bill of Enoch H. Simpson, and dissolved the marriage relation existing between the parties, and decreed that the complainant should be restored to the possession of the lands held by her at the date of the marriage, and a wagon, or its value, within ten days after demand.

We have examined the record, and find no error in dismissing the cross-bill, and are of opinion that the decree of the Chancellor, in dissolving the marriage relation, is fully warranted by the evidence. It, therefore, follows that Mrs. Simpson is entitled to the possession of her land and the value of her wagon. *Gould's Digest, chap.* 59, *sec.* 13.

It is argued by the counsel for the appellant that the decree is reversible, because it does not show such a finding of facts as are contemplated by section 11, of article 7, of the Constitution of this State, which declares that "judges shall not charge juries with regard to matters of fact, but shall declare the law. In all trials by jury, the judges shall give their instructions and charges in writing; and, if the trial is by the court, he shall reduce to writing his findings on the facts in the case, and shall declare the law in the same manner he is required to do when instructing juries."

The right of trial by jury only extends to cases at law, and not equity. The Chancellor, in a divorce case, is not compelled to observe the provisions of the Constitution that are to govern

judges of courts of law, when sitting as a jury.   The judgment, therefore, is not reversible for the cause urged by counsel.

The counsel for the appellee urges that the right of appeal is destroyed by the 16th section of the Civil Code, which declares that, "where the judgment grants a divorce,   *   *   * the Supreme Court shall have no appellate jurisdiction."

The appellant, on the other hand, contends that this provision of the Code is unconstitutional, because it denies the right of appeal, which, he asserts, is conferred upon him by the Constitution, and can not be taken from him by legislative enactment.

The right to appeal causes from an inferior to a superior court, is unknown to the common law, and can only exist where expressly given by the organic or statutory law of the land.   *Edwards v. Vandemack*, 13 *Ill.*, 634.

Section 15, of article 7, provides that "all appeals from inferior courts shall be taken in such manner and to such courts as may be provided by law."   This clause in no. manner attempts to confer any general right of appeal, but simply allows the law-making power to designate the court to which the appeal may be taken, and the manner that shall be pursued.

Section 4, of article 7, declares that "final judgments in the inferior courts may be brought by writ of error, or by appeal, into the Supreme Court, in such manner · as may be prescribed by law."   This clause of the Constitution provides two methods for bringing the final judgments of inferior courts before it.   The Legislature, in the exercise of its authority, has provided that "the mode of bringing the judgment or final order of an inferior court to the Supreme Court, for a reversal or modification, shall be by appeal, which shall be granted as a matter of right," &c.   We think that when the Constitution declared that final judgments of the inferior courts might be brought into the Supreme Court, the intention was to confer the right upon any litigant to bring his cause before the highest tribunal in the State, for their judgment, and that the Legislature was only to prescribe the mode and manner that should be pursued in bringing the case up.

The conclusion that we have arrived at in this case places parties to a divorce case in rather an awkward attitude, where the decree grants a divorce, as the law allows three years from the rendition of the decree within which an appeal may be prosecuted. The 869th section of the Civil Code says that "an appeal shall not stay proceedings on the judgment or order, unless *supersedeas* is issued." If Mrs. Simpson had married after the decree of divorce, and before the taking of an appeal by the appellant, we doubt if the reversal of this judgment would have restored her to the loving embraces of Enoch H. Simpson.

Judgment affirmed.